LIBERTY MUTUAL INSURANCE CO., PLAINTIFF, v. AMERICAN MUTUAL LIABILITY INSURANCE CO., DEFENDANT.

Superior Court of New Jersey
Law Division

Decided February 9, 1953.

*Mr. John W. Taylor,* attorney for plaintiff.

*Mr. Charles C. Stalter,* attorney for defendant.

DAVIDSON, A. J. S. C.   This matter is presented to the court upon a stipulation of facts conceding the allegations of paragraphs 1 through 13 of the complaint, counsel submitting briefs upon the sole legal question as to whether such facts constitute co-insurance and require defendant to pay one-half of the amount paid by plaintiff in settlement of a suit instituted against assureds of both plaintiff and defendant.

The admitted allegations of the complaint allege that on June 25, 1950 George McManus instituted suit for personal injury against Terminal Construction Corporation (insured by plaintiff against such liability) and Adrian Hendricks and William Hendricks, co-partners trading as Hendricks Bros. (insured by defendant against such liability), and on October 19, 1950, when the case came on for trial in the Bergen County Court, settlement was made by plaintiff by payment to McManus (plaintiff in the personal injury negligence action) of $2,150, together with a waiver of plaintiff's compensation lien in the sum of $296.91.   Plaintiff in this action, charging that defendant was a co-insurer, seeks recovery of $1,235.31, representing one-half of the amount paid in settlement, including $23.70 for trial preparation expense.

The policy covering Hendricks, assured by defendant, provides:

"The unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

It further provides, as does the policy issued to Terminal Construction Corporation by plaintiff, that:

"If the insured has other insurance against a loss covered by this policy, the company shall not be liable under this policy for a greater

proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Defendant's legal representatives were present when the McManus case was called for trial but did not admit defendant's liability or take any part in the settlement negotiations other than to concede that the amount of the settlement was reasonable.

There is no reported New Jersey case bearing directly upon the question here presented, for the situation is unusual in that there has been no legal adjudication of liability on the part of the defendant, and in settlements involving two or more defendants the respective contributions to be made by each are invariably a matter of mutual agreement.

Briefly, both plaintiff's and defendant's policies must constitute valid insurance covering Terminal on the same loss, if plaintiff's action is to succeed. Plaintiff contends that its insured, Terminal, is also an "insured" under the terms of defendant's policy issued to Hendricks Bros. by reason of the policy inclusion of "any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

Concededly, the automobile was actually used by the named insured, Hendricks Bros., so the coverage would undoubtedly attach if plaintiff's insured, Terminal, was an organization legally responsible for its use. The question, then, is whether Terminal, under the stipulations contained in the pretrial order and in the admitted paragraphs of the complaint, was legally responsible for the use of the Hendricks Bros.' automobile at the time McManus sustained his injury. This necessarily raises a question of agency, a situation quite different from that which obtained in *American Surety Co. of New York v. American Indemnity Co.*, 8 *N. J. Super.* 343 (*Ch. Div.* 1950), upon which plaintiff inferentially relies, and in the other cases the matter of agency was not in dispute.

Paragraph 4 of the complaint, which is admitted in the stipulation, alleges an agreement on the part of Hendricks Bros. to furnish a crane and its crew to perform work under the direction of Terminal Construction Corp. This solitary reference, in my judgment, is altogether insufficient to sustain a finding as a matter of law that Terminal was legally responsible for the use of the Hendricks automobile.

I find from the record submitted that it was merely the settlement of an action by one of the two defendants in the original cause and that plaintiff and defendant here were not co-insurers under the terms of defendant's policy. Judgment, accordingly, for defendant.